E-FILED
Friday, 22 September, 2006  11:05:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | NO. 06-MJ-3040 |
| PAUL KINCAID, | ) ) ) | |
| Defendant. | ) ) | |

DETENTION ORDER

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

On September 14, 2006, a detention hearing was held pursuant to 18 U.S.C. §3142. At that hearing, the Government was represented by Assistant United States Attorney John Childress. Defendant Paul Kincaid (Kincaid) was represented by Attorney Jon Noll.

At the detention hearing, the Government moved for the detention of Kincaid pursuant to 18 U.S.C. §3142(f)(2), asserting that he was both a serious risk of flight and a safety risk to the community and noted the presumption of detention created by 18 U.S.C. §3142(e).

With respect to Kincaid, the Government proffered evidence regarding the offenses charged and the weight of the evidence against him in the instant case.

At hearing, the Government proffered uncontested evidence that Kincaid had created images of child pornography and had retained hundreds of images of child pornography in his home. The Government also proffered uncontested evidence that for a period of over thirty years, Kincaid had engaged in sex acts with minors, sometimes in exchange for money and sometimes through acts of force. Additionally, the Government proffered evidence that Kincaid

acknowledged an uncontrollable desire for sex with minor boys. All of the aforesaid information was obtained from the defendant in the context of a consensual interview.

On behalf of Kincaid, Attorney Noll argued that the establishment of a third party custodian with other conditions of bond was appropriate and offered the testimony of Kincaid's son and sister as potential custodians.

Considering all the evidence and argument offered by the parties and the factors set forth in 18 U.S.C. §3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of the community and that Kincaid's detention is appropriate pursuant to 18 U.S.C. §3142(e). As to Kincaid, the Court notes that the nature of the offenses charged and the weight of the evidence dictate strongly in favor of his detention. The Court further notes that Kincaid appears to be a long time sexual predator and to allow him any opportunity to gain access to the public, especially minors, is an unacceptable risk.

WHEREFORE, Kincaid is committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Kincaid shall be afforded reasonable opportunities for private consultation with his defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Kincaid to the U.S. Marshal for the purposes of an appearance in connection with a court proceeding herein.

ENTER:   September 22, 2006.

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE